RENDERED: OCTOBER 6, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0712-WC

JAB CONTRACTING, LLC                                 APPELLANT

                       PETITION FOR REVIEW OF A DECISION
v.               OF THE WORKERS' COMPENSATION BOARD
                      ACTION NO. WC-19-99610

WILLIAM CAUDILL;
CUMBERLAND RIVER
BEHAVIORAL CENTER; HARLAN
ARH HOMECARE STORE;
MOUNTAIN MEDICAL
ENTERPRISES; HONORABLE PETER
GREG NAAKE, ADMINISTRATIVE
LAW JUDGE; PIKEVILLE MEDICAL
CENTER; THE RADIOLOGY GROUP,
LLC; HARLAN APPALACHIAN
REGIONAL HOSPITAL; AND
WORKERS' COMPENSATION
BOARD                                           APPELLEES

OPINION
REVERSING AND
REMANDING

** ** ** ** **

BEFORE: COMBS, EASTON, AND MCNEILL, JUDGES.

COMBS, JUDGE: This workers' compensation appeal arises out of a medical fee dispute. The sole issue involves KRS[1] 342.020(4), which requires medical providers to submit their bills within 45 days of the date of service. The issue before us is whether that statutory provision applies pre-award. The statute sets forth as follows:

> The provider of medical services shall submit the statement for services within forty-five (45) days of the day treatment is initiated and every forty-five (45) days thereafter, if appropriate, as long as medical services are rendered.

By Opinion and Order rendered on September 29, 2020, the Administrative Law Judge (ALJ) determined that the 45-day time limit in KRS 342.020(4) does *not* apply prior to an award. The ALJ also found that the following bills are compensable, that they are not barred by KRS 342.020(4), and that they are, therefore, the responsibility of the Defendant-Employer:

a. January 3 2019 radiologic exam -- Harlan ARH by billing provider The Radiology Group

b. January 14 2019 surgical treatment of ankle fracture -- Pikeville Medical Center

c. March 5, 2019 physical therapy -- Harlan ARH

d. March 7, 2019 physical therapy -- Harlan ARH

---

[1] Kentucky Revised Statutes.

e. March 12, 2019 physical therapy -- Harlan ARH

f. June 16, 2019 durable medical equipment -- Harlan ARH Homecare Store

g. June 24, 2019 psychotherapy -- Cumberland River Behavior

h. July 9, 2019 office outpatient and x ray --Pikeville Medical Center.

The Appellant, JAB, the employer, appealed to the Workers' Compensation Board. JAB argued that the bills were not timely submitted because KRS 342.020(4) mandates their submission within 45 days of the initiation of treatment and every 45 days thereafter and that the statute applies pre-award. By Opinion rendered on May 20, 2022, the Board affirmed the ALJ and held that the "the 45-day requirement set forth in KRS 342.020(4) is applicable only after a determination of compensability of a claim by an ALJ."

On June 23, 2022, JAB filed a petition for review on appeal in this Court and argued that the plain language of KRS 342.020(4) applies both pre- and post-award. No response to the petition was filed. By Order entered on September 13, 2022, we held this appeal in abeyance pending a decision in *Daniel Farley v. P&P Construction, Inc.*, in which the same issue was pending before our Supreme Court. *Farley* has now been decided.

By Opinion rendered on August 24, 2023, the Supreme Court agreed with JAB that "pursuant to the unambiguous language of KRS 342.020(4), medical

providers *are* required to submit their billings within 45-days of service, regardless of whether a determination of liability has been made . . . ." *Farley v. P&P Construction, Inc.*, ___ S.W.3d ___, 2023 WL 5444615, at *1 (Ky. 2023) (italics original). The Court concluded that the 45-day requirement "applies both pre- and post-award." *Id.* at *7. It continued as follows:

> [T]his interpretation of KRS 342.020(4) will not harm Farley as "[t]he medical provider shall not bill a patient for services which have been denied by the payment obligor for failure to submit bills following treatment within forty-five (45) days as required by KRS 342.020 and Section 6 of this administrative regulation." 803 KAR[2] 25:096 § 10(3).

*Id.*

Accordingly, by virtue of SCR[3] 1.030(8)(a), we are compelled to reverse the Opinion of the Workers' Compensation Board and to remand this case to the ALJ with direction to enter a new Opinion and Order consistent with the Supreme Court's holding in *Farley*.

ALL CONCUR.

---

[2] Kentucky Administrative Regulation.

[3] Supreme Court Rule.

BRIEF FOR APPELLANT:          NO BRIEF FOR APPELLEE.

W. Barry Lewis
Hazard, Kentucky